## TONER v. SOBELMAN et al.
### No. 6819.

United States District Court
E. D. Pennsylvania.
Feb. 16, 1951.

Charles Lakatos, of Freedman, Landy & Lorry Philadelphia, Pa., for plaintiff.

Edward H. Cushman, Henry N. Paul, Jr., and James C. Wobensmith, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case deals with a motion to stay the proceedings in Benjamin H. Sobelman v. Dugan & McNamara, Inc. and Atlantic & Gulf Stevedores, Inc., Civil Action No. 8924 ("infringement action"). That action was brought for the alleged infringement of United States Patent No. 2,446,968. The motion is opposed by all the parties to that action.

On January 10, 1947, plaintiff commenced the instant action based upon defendants' fraudulent and inequitable appropriation of the use and profits derived from a device, covered by Patent No. 2,446,968 for mechanically trimming and storing grain in ships. After hearing evidence, this court, on April 6, 1949, filed its findings of facts and conclusions of law. 86 F.Supp. 369. Since the issue of profit sharing has not been resolved, no final order has been entered in this action.

On October 5, 1948, Sobelman, as the assignee of the grain trimmer patent, instituted the infringement action. In the early part of September, 1950, Sobelman's attorney invited plaintiff to participate in that action. He declined because, among other reasons, he was not, at that time, entitled to become a party to the action.[1]

On September 15, 1950, a year and five months after the findings of facts were filed, defendants presented a motion for reconsideration. One of the purposes of the motion was to allow them to present additional evidence so that this court could reconsider and set aside certain findings concerning (a) fraud and misrepresentation on the part of Sobelman, and (b) the contribution made by plaintiff to the invention of the grain trimmer. The motion alleged, among other things, that subsequent to July 18, 1950, the defendants discovered new evidence to the effect that plaintiff contributed nothing either by way of ideas or otherwise in connection with the designing, construction and development of the subject matter of Patent No. 2,446,968. The basis for the allegation was set forth in affidavits by C. Donald Fisher and John Hangerman, chief designer and chief engineer, respectively for Sprout, Waldron & Co., manufacturing engineers at Muncy, Pennsylvania.

Plaintiff asserted two grounds in opposing that motion. First, the alleged "newly discovered" evidence was not that

1. By virtue of the changed circumstances, Rule 24(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., allows him to intervene in the infringement action.

which is contemplated by the Federal Rules; and second, the defendants were estopped from denying the validity of the patent because, among other reasons, Sobelman has instituted the infringement action. On October 30, 1950, this court ruled that it would hear the additional evidence or take the Fisher and Hangerman affidavits into consideration only in connection with the issue of profit sharing.

In the meantime, defendants, on October 5, just twenty days after the motion for reconsideration was filed in this action, served upon Sobelman in the infringement action interrogatories under Rule 33 and requests for admissions under Rule 36. Requests for Admissions Nos. 8, 9 and 10 are set forth below.[2]

Sobelman failed to deny the requests, and in addition thereto, stated that he believed them to be true. He did admit, however, that plaintiff had denied the averments set forth in the Fisher and Hangerman affidavits in the proceedings on the motion for reconsideration. On the basis of Sobelman's replies to the interrogatories and requests for admissions, the defendants in the infringement action, on November 6, 1950, filed a motion for summary judgment under Rule 56. The invalidity of the patent is established as a matter of law and that Sobelman should be estopped from denying the some were the reasons given in support of the motion.

On November 7, 1950, Sobelman notified plaintiff, concerning the above events. This was the first time that plaintiff had knowledge of their happening.

Sobelman has taken inconsistent positions in the two actions. In the action before us, he has been claiming to be the the sole owner of Patent No. 2,446,968. In the infringement action he has admitted, at least for the purpose of that action,[3] that the person named in the patent is not the true inventor. His counsel professes that Sobelman is taking the latter position, reprehensible as it may be, because he wants the court to know the truth. As a result, whatever interest, plaintiff has, and incidentally Sobelman, may have in the patent will fall to the wayside. In other words, Sobelman, after having been unsuccessful in the instant action, is willing to bring the house down upon his head in order to prevent plaintiff from obtaining any benefit from the patent or profits from the use of the grain trimmers.

In our opinion the record sets forth sufficient facts for us to exercise our discretion to stay the proceedings in the infringement action until an order is entered in this action defining plaintiff's interest in the patent.

2. "8. George E. Toner contributed absolutely nothing either by way of ideas or otherwise, in connection with the designing, construction and development of the grain trimmer allegedly invented by him and forming the subject matter of his Patent No. 2,446,968.

"9. Sprout, Waldron & Company drew the plans for, designed, developed and constructed said grain trimmer.

"10. Toner contributed nothing of a permanent value in connection with the transforming of the idea for a grain loader into the grain trimming machine designed, developed and built by Sprout, Waldron & Co."

3. Federal Rules of Civil Procedure 36(b).